**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE EX PARTE APPLICATION OF LENOVO (DEUTSCHLAND) GMBH et al. FOR AN ORDER PURSUANT TO U.S.C. SECTION 1782 | )<br>)<br>)<br>)<br>)<br>) No. 26 C 6475<br>)<br>) Chief Judge Virginia M. Kendall<br>) |

**OPINION AND ORDER**

Lenovo (Deutschland) GmbH, Motorola Mobility LLC, Motorola Mobility International Sales LLC, and Motorola Mobility Germany GmBh (collectively, "Lenovo Applicants") filed an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings. (Dkt. 1); (Dkt. 10). Lenovo Applicants seek information from UERAN Technology LLC ("Ueran") for use in a patent infringement case pending in the German court system. For the reasons stated below, the Court grants the Application [1] [7].

**BACKGROUND**

Lenovo Applicants are affiliates and subsidiaries of a global technology company that manufactures and sells smartphones under the "Motorola" brand. (Dkt. 4 at 7). Ueran is a U.S.-based company that licenses patents related to Long-Term Evolution ("LTE") technology and its implementation into smartphones. (*Id.* at 8). On January 26, 2026, Ueran initiated a patent infringement case against Lenovo Applicants in the Regional Court of Munich I in Germany. (*Id.* at 5, 8). Ueran alleges that Lenovo Applicants are infringing one of their patents, EP 344, which relates to LTE standards. (*Id.* at 4-5). Ueran acquired EP 344 from Huawei Technologies Co., Ltd. ("Huawei") in 2023. (*Id.* at 8). It claims Lenovo Applicants are infringing EP 344 by implementing

1

it into Motorola-branded smartphones. (*Id.* at 8). Ueran is seeking injunctive relief, rendering of accounts, provision of information, removal and destruction of the infringing productions, and damages. (*Id.* at 9).

Under European Union competition law, Ueran is required to offer licenses of EP 344 on fair, reasonable, and non-discriminatory ("FRAND") terms. (*Id.* at 9). The parties attempted to negotiate the licensing of EP 344, but Lenovo Applicants claim that Ueran's terms do not comply with the FRAND requirements. (*Id.* at 10). Lenovo Applicants plan to raise this as a defense— asserting that the licensing terms demanded by Ueran contravene the FRAND requirements. (*Id.* at 5). Should their defense succeed, Ueran would be precluded from obtaining the relief it seeks and its claims against Lenovo Applicants would be dismissed. (*Id.* at 5-6).

Lenovo Applicants filed an *ex parte* application under 28 U.S.C. § 1782 seeking to serve two subpoenas on Ueran demanding materials and information which they claim are necessary to their FRAND defense. (*Id.* at 5-6). The first subpoena requests documents related to Ueran's alleged acquisition of the patent portfolio that includes EP 344 from Huawei. (*Id.* at 11); (Ex. 1, Dkt. 5-1 at 2-9). They request:

1. The complete agreement ("Patent Transfer Agreement") concerning the Huawei Assignment, along with any amendments, exhibits, side letters, appendices and/or annexes thereto, and other ancillary agreements or documents mentioned in the agreement;

2. Any document exchanged between Huawei and Ueran relating to discussions or negotiations between Huawei and Ueran, including, but not limited to, correspondence, meeting minutes, side letters, and any other communications between Huawei and Ueran concerning the Patents-in-Suit, the Portfolio, and/or the Huawei Assignment between September 1, 2021 and January 26, 2026 ("Transfer Documents"); and

3. Any unredacted agreement, including, but not limited to, any amendments, exhibits, side letters, ancillary agreements or documents, appendices and/or annexes thereto, concerning the Portfolio and/or the Patents-in-Suit between Ueran and any party ("Ueran Licensing Agreement").

2

(Ex. 1, Dkt. 5-2). They also request deposition testimony from a Ueran corporate representative on the following topics:

1. The documents and other materials produced in response to Applicants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and the efforts to collect and produce such documents and other materials;

2. The terms of the Patent Purchase Agreement;

3. The negotiations and discussions with Huawei concerning the Huawei Assignment;

4. The timing of the execution of the Patent Purchase Agreement and when the Huawei Assignment became effective; and

5. The terms of the Ueran Licensing Agreements.

(Ex. 2, Dkt. 5-2). Lenovo Applicants were unsuccessful in obtaining the requested information from Ueran during their licensing negotiations or through the ongoing German proceeding. (Dkt. 4 at 6). They seek an order under § 1782, arguing that they will not be able to obtain the materials and information without the Court's intervention. (*Id.* at 11).

## **<u>DISCUSSION</u>**

Section 1782(a) authorizes a district court to provide discovery assistance to foreign courts, which allow for more limited discovery than what is permitted in American federal courts. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004) ("Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals"); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) (recognizing that "[d]iscovery in the federal court system is far broader than in most (maybe all) foreign countries"). It provides, in relevant part, that "upon application of any interested person," a district court "of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). If relief is

3

granted, the Court may direct that discovery follow procedures used by the foreign tribunal, in whole or in part. *Id.* Otherwise, discovery is governed by the Federal Rules of Civil Procedure. *Id.*

To obtain an order under § 1782(a), an applicant must meet three threshold requirements: (1) the person or entity from whom the discovery is sought resides or is "found" in the district of the court to which the application is made; (2) the discovery must be "for use" in a current or future proceeding before a foreign tribunal; and (3) the applicant must be an "interested person" entitled to pursue discovery assistance. *In re Application of Venequip, S.A. v. Caterpillar Inc.*, 83 F.4th 1048, 1055 (7th Cir. 2023) (citing 28 U.S.C. § 1782(a)); *Intel Corp.* 542 U.S. at 255-64 . All three requirements are satisfied here. Ueran has its principal place of business in the Northern District of Illinois. (Dkt. 4 at 16); *see, e.g., In re Ex Parte Application of Fraunhofer-Gesellschaft Zer Förderung Der Angewandten Forschung E.V.*, 2026 WL 777956, at *2 (N.D. Ill. Jan. 30, 2026) (first prerequisite was met where the entity from whom discovery was sought had an office in the Northern District of Illinois). Additionally, Lenovo Applicants request materials and information to support a defense they intend to assert against claims pending against them in a German court. (Dkt. 4 at 11-12); *see In re Abubakar*, 696 F.Supp.3d 479, 493 (N.D. Ill. 2023) (holding that the "in use" requirement is met where the applicant is seeking discovery relevant to pending or forthcoming litigation in a foreign court). Finally, as the defendants in the German proceeding, Lenovo Applicants are "interested persons." (Dkt. 4 at 14); *see Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person [s]' who may invoke § 1782 . . . .").

Even though these statutory requirements are met, the Court is "not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id.* at 264. The Supreme Court set forth several non-exhaustive factors that Courts may consider when deciding

4

whether to grant a § 1782(a) application: 1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the discovery request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery requested is unduly intrusive or burdensome. *Id.* at 264-65.

At first glance, the first factor weighs against granting the application because Lenovo Applicants are defendants in the German proceeding. Since a foreign tribunal has jurisdiction over those appearing before it and can order them to produce evidence, "the need for § 1782(a) aid generally is not as apparent [when the applicant is a party to the foreign proceeding] as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel Corp.*, 542 U.S. at 264. Nonetheless, the Seventh Circuit has held that this factor favors applicants where the discovery procedures in the foreign legal system would not compel the production of the sought-after material. *See Heraeus Kulzer*, 633 F.3d at 596. Lenovo Applicants assert that the German court lacks authority to compel Ueran to provide the information and documents they seek. (Dkt. 4 at 13). The Court in *Heraeus Kulzer* explicitly recognized this limit on discovery in German courts when over-turning a district court's denial of a § 1782 application. 633 F.3d at 596 (noting that the discovery the applicants sought was "unobtainable in the German legal system, which does not authorize discovery in the sense of Rule 26 of the Federal Rules of Civil Procedure"). Accordingly, the factor favors granting the application.

The second factor also weighs in favor of granting the application, albeit not as strongly as the first. In analyzing this factor, courts have considered whether there is any indication that the

5

foreign court would reject evidence collected under American discovery rules, be burdened by the amount of discovery obtained, or find the expense of responding to American discovery demands unduly high. *See In re Application of Venequip*, 83 F.4th at 1056; *Heraeus Kulzer*, 633 F.3d at 594-96. Since this is an *ex parte* application, the record consists only of "the unsurprising word" of Lenovo Applicants, who assure the Court that "there is reason to believe that the German Court would be receptive to evidence obtained through Section 1782 and would appreciate and benefit from this Court's assistance." (Dkt. 4 at 18); *see also In re Bayerische Motoren Werke AG*, 2022 WL 1422758, at \*4. Lenovo Applicants also aver, through a sworn declaration, that there is no prohibition in the German legal system on a party introducing evidence that it has lawfully obtained through foreign legal proceedings. (Dkt. 6 ¶¶ 25-29). Without an opposing view from Ueran, however, these assertions are not determinative. *See In re Bayerische Motoren Werke AG*, 2022 WL 1422758, at \*4.

Nonetheless, the Seventh Circuit acknowledged in *Heraeus Kulzer* that "there is no indication that the German court . . . would refuse to admit evidence . . . obtained through U.S. discovery and could not have obtained by utilizing the procedures of German law for evidence gathering; no indication that the German court is worried about being swamped by [petitioner] submitting excessive discovery fruits to it; and no indication that the German court believes that [petitioner's] discovery requests if allowed would impose an undue burden . . . ." 633 F.3d at 596. Given this guidance, and in recognition that Ueran has not yet been given the opportunity to present an opposing view, the Court finds the second factor tilts slightly toward granting the application. *Compare In re Ex Parte Application of Fraunhofer-Gesellschaft Zer Förderung Der Angewandten Forschung E.V.*, 2026 WL 777956, at \*3 (finding the second factor favored granting an *ex parte* § 1782 application for discovery in a German court in light of the guidance from *Heraeus Kulzer*)

*with In re Bayerische Motoren Werke AG*, 2022 WL 1422758, at \*4 (finding this factor neutral in deciding whether to grant an *ex parte* § 1782 application for discovery in a German court due to the one-sided nature of the procedural posture).

At this stage, the Court cannot decide the third factor—whether Lenovo Applicants are attempting to circumvent German proof-gathering restrictions. As with the second factor, the Court only has Lenovo Applicants' assertion that their application is "brought in good faith and does not seek to circumvent German restrictions with respect to gathering evidence or other policies." (Dkt. 4 at 19). Lenovo Applicants state that the "concept of discovery and/or document production does not exist" under German law and that "German civil procedure laws do not provide for pre-trial discovery comparable to discovery available in the United States." (Dkt. 6 ¶¶ 22). Instead, German courts may request, but not compel, the "submission of documents particularly specified or referred by a party" to an ongoing proceeding. (*Id.* ¶ 23). As such, as the Seventh Circuit recognizes, a party to a German proceeding can ask the court to order production of documents he is able to identify individually, not by category. *See Heraeus Kulzer*, 633 F.3d at 596.

Lenovo Applicants' proposed subpoena requests documents categorically, not individually. (Ex. 1, Dkt. 5-2). They may be seeking categories of documents because they do not know enough about the documents to request them individually, or they may not know whether the documents exist at all. In this case, it would be proper for the Court to grant the application. *See Heraeus Kulzer*, 633 F.3d at 596 (overturning the denial of a § 1782 application after concluding that the petitioner could not "obtain even remotely comparable discovery by utilizing German procedures"). Yet, it is also possible Lenovo Applicants drafted the document requests as an "end-run around the discovery limitations" of the German court. *See In re Ex Parte Application of Fraunhofer-Gesellschaft Zer Förderung Der Angewandten Forschung E.V.*, 2026 WL 777956, at

7

*3. Moreover, Lenovo Applicants say nothing about whether or to what extent a German court may order a party to sit for a deposition. Without complete information regarding the applicability of German civil procedures or discovery restrictions, the Court cannot make a determination on the third factor at this stage. *See In re Ex Parte Application of Fraunhofer-Gesellschaft Zer Förderung Der Angewandten Forschung E.V.*, 2026 WL 777956, at *4 (declining to make a determination on the third factor because the application was filed *ex parte* such that the opposing party had not been given the opportunity to present evidence of circumvention); *In re Abubakar*, 696 F.Supp.3d at 500 (holding that the third factor was neutral where the opposing party contested subpoenas after they were served but did not present evidence or argument that the application undermined or circumvented any Nigerian policy). As such, this factor is neutral.

Finally, the Court finds that the fourth factor—whether the requested discovery is unduly intrusive or burdensome—weighs in favor of granting the application. This inquiry follows the strictures of Federal Rule of Civil Procedure 26, which asks whether the discovery is relevant and proportional. *See Heraeus Kulzer*, 633 F.3d at 597 ("Once the court has determined that [abuses of the foreign tribunal] are unlikely, the ordinary tools of discovery management, including Rule 26, come into play."); *In re Abubakar*, 696 F.Supp.3d at 501 ("The Court should determine whether the requested discovery is unduly intrusive or burdensome under the rules of discovery applicable in federal court, including Rule 26"); *see also* Fed. R. Civ. P. 26(b)(1).

All the discovery sought by Lenovo Applicants concerns Ueran's acquisition of the patent portfolio that includes the patent at issue. (Dkt. 4 at 20). This information is relevant to Lenovo Applicants' FRAND defense because it may shed light on the portfolio's value and provide a benchmark against which to evaluate the licensing terms Ueran has offered to them. *See, e.g., In re Ex Parte Application of Fraunhofer-Gesellschaft Zer Förderung Der Angewandten Forschung*

8

*E.V.*, 2026 WL 777956, at \*4 (holding that information about the patent licensing practices of the applicant's opponent in a German infringement proceeding was relevant to determining whether the applicant's licensing offers complied with the FRAND requirements). Additionally, the subpoenas are limited to specific categories of documents and seek only one deposition, lessening the burden on Ueran. *In re Republic of Turkey*, 2021 WL 3022318, at \*7 (N.D. Ill. July 16, 2021) (holding that a district court should reject discovery requests under § 1782 that "seek overly broad categories of documents and other evidence rather than specific categories of documents."). Thus, the Court finds the fourth factor favors granting the application.

In sum, Lenovo Applicants satisfy the threshold requirements for a § 1782 discovery order, and the discretionary factors favor granting their application. Accordingly, the Court grants the Application. This decision does not preclude Ueran from challenging the subpoenas under Federal Rule of Civil Procedure 45. *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at \*4 (N.D. Ill. Aug. 7, 2017) (holding that "an entity against whom the discovery will be used has standing to challenge an order allowing discovery under § 1782").

**CONCLUSION**

For the forgoing reasons, the Court grants Lenovo Applicants' Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings [1] [7]. Lenovo Applicants are authorized to serve Ueran Technology LLC with subpoenas attached as Exhibits 1 and 2 to the Declaration of Samuel Prevatt, (Dkt. 5). Lenovo Applicants must serve the subpoenas with a copy of this Order, the Application, and supporting documents.

Virginia M. Kendall
United States District Judge

Date: August 5, 2026

10